In re Joyce Anna GEARHART, Debtor.

Joyce Anna GEARHART, Plaintiff,

v.

CLEARFIELD BANK & TRUST CO., and Pennsylvania Higher Education Assistance Agency, Defendants.

Bankruptcy No. 88–987.
Adv. No. 88–416.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 4, 1989.

James B. Ball, Keystone Legal Services, Inc., State College, Pa., for debtor/plaintiff.

K. Kevin Murphy, PHEAA, Harrisburg, Pa., for defendants.

Stephen I. Goldring, Pittsburgh, Pa., Asst. U.S. Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is the Debtor's *Complaint To Determine Dischargeability of a Student Loan* pursuant to § 523(a)(8)(B), which avers, *inter alia*, that the debt for the student loan in question would impose an undue hardship upon Debtor; accordingly, the prayer for relief requests that said debt be discharged. For the reasons hereinafter advanced, the Court concludes that the hardship in question is of an illusory nature and/or self-imposed, and therefore, said debt is determined not to be discharged.

## FACTS

Debtor, 46 years old, is an individual sustaining herself solely on welfare pay-

ments, whose monthly expenses clearly exceed her monthly income. She is presently divorced and receives no support and/or alimony from her ex-husband; however, her elderly father and a male friend supplement her income. This supplement permits her to keep current on her necessities and in addition, permitted her to spend approximately $100.00 this Christmas for toys for her grandchildren.

Debtor has a recent history of work experience as a seamstress, a shirt presser, a nurse's aide, and a transportation provider; however, she advises that as a result of her illnesses, she is unable to be gainfully employed. It is worthy of note that when Debtor felt physically capable of enrolling in the school in question, and engaging in a course of study that would ultimately license her to drive large trucks interstate, she suffered from the same maladies which plague her presently. Debtor also complained that her nerves were "shot" and that she couldn't react favorably to a pressure situation. This deficiency was not evident to the Court, wherein at the very least she handled, if not enjoyed, this Court appearance.

On or about February 11, 1985 Debtor applied for and was granted a student loan so that she could enroll in the MTA, a truck driving school, located in Lancaster, Pennsylvania. Subsequently, her then husband objected to this attendance and she determined to withdraw.

Debtor has not seen fit to make any payments on this obligation, even though Defendant has agreed to accept very nominal monthly payments until Debtor's financial situation improves. Debtor advises that she may never work again.

## ANALYSIS

■ The factors involved in determining "undue hardship" are thoroughly examined in *In re Johnson*, 5 BCD 532 (Bankr.E.D. Pa.1979). In that case the Court first made it clear that the language chosen by the drafters of the Bankruptcy Code, "undue hardship", indicates that the type of hardship involved in a particular circumstance must be significant and not merely general

difficulty. Undue hardship is not simply financial burden; there is a presumption that debtors who feel obligated to seek bankruptcy protection are financially burdened.

■ Furthermore, in calculating the ability of the Plaintiff to repay this loan, we must consider the nominal amount of the loan as well as the longest allowable repayment period, which is ten (10) years, and the corresponding lowest amounts of payment. Defendant has agreed to accept *very* nominal payments until Debtor gets back on her feet.

In order to be dischargeable, the hardship suffered must be the result of "truly severe, and even uniquely difficult circumstances." *Matter of Craig*, 64 B.R. 854, 857 (Bankr.W.D.Pa.1986).

■ Applying the above to the case at hand, it appears clear to the Court that the debt in question does not impose an undue hardship upon Debtor, and that in fact, Debtor could secure gainful employment and pay same over a long period of time. The Court does not accept Debtor's assertion that she is physically unable to be employed. To the contrary, Debtor suffered from the self-same litany of illnesses that she outlined in Court at the time she applied for this student loan. If she was well enough to take this course, and ultimately physically and mentally stable to drive a large motor vehicle upon the highways of this Commonwealth, it appears to the Court that Debtor is able to secure less demanding employment and pay this debt.

With reference to the assertion that Debtor's nerves inhibit her ability to go back to her prior employment as a seamstress and/or presser, this Court notes that said inability was not evident in Debtor's court appearance. To the contrary, other than a hearing disability, which is corrected with a hearing aid, Debtor appeared to be bright and reasonably articulate, and indicated no nervous inability to present her position. It appears to the Court that if Debtor in fact never works again, then that decision is one of her choosing, as opposed to one of necessity.

**394**

From all of the above, the Court determines that this debt does not impose an undue hardship upon Debtor and that said debt is not and will not be discharged.

An appropriate Order will be issued.